## LULL v. CASS.

Either party may use an auditor's report, previously made, on the trial, or the judge may require it to be read; and its findings are made *primâ facie* evidence by statute, but they are nothing more than that.

The party reading it may, as well as his adversary, introduce any evidence in addition to it, may prove items not allowed by the auditor, or offer proof to contradict any part or the whole of it. The report, though made competent evidence, does not supersede or exclude any other competent evidence.

A plaintiff upon the stand was proceeding to state the contract between himself and the defendant, upon which the suit was brought, but upon inquiry he admitted that he gave the defendant a writing containing some portion of the contract. This writing was then placed in his hands by the defendant, and read by him in evidence, the plaintiff claiming that, notwithstanding the writing, he was entitled to introduce further testimony, and might recover; but the court ruled that the legal construction of the writing was such as to conclude the plaintiff's rights and exclude any further testimony:—*Held*, that the plaintiff was not precluded by these proceedings from showing that his signature to the writing was obtained by fraud.

ASSUMPSIT, for bark sold and delivered. Payments had been made by the defendant, and the plaintiff claimed that $75 was still due. The defendant confessed judgment for $38.25, and the case

was referred to an auditor, who found $56.17 due the plaintiff. Upon the motion of the defendant, who was dissatisfied with the auditor's report, the case was tried by jury at this term.

The plaintiff read the auditor's report as evidence, and then introduced evidence, subject to the defendant's exception, tending to show that more than $56.17 was due.

The plaintiff was called by his counsel as a witness, and asked what the bargain was between him and the defendant. The defendant objected that, before testifying what the bargain was, he should be asked whether it was reduced to writing. The court directed the inquiry to be made, and the plaintiff answered that he gave the defendant a bill of sale of the bark. The defendant then produced and the plaintiff's counsel read to the jury the following bill of sale :

"GRAFTON, March 3, 1859.

"I have sold to Jesse Cass 87¾ cords bark, and have received $37.33 in part pay for the same. I am to deliver the bark at West Andover Station, in the most convenient place for loading that can be found, and pack it well, and am to have $6.15 per cord.

JAMES .W. LULL."

The plaintiff then proposed to show, by his own testimony, that the parol agreement, made before the bill of sale, was that the defendant was to take a certain pile of bark as and for 87¾ cords, to be delivered at West Andover Station, and pay for that quantity, whether there was more or less. The defendant objected to this evidence on the ground that, by the bill of sale, the plaintiff could recover for no more cords than were delivered. The plaintiff contended that such was not the legal construction of the bill of sale ; but the court ruled that it was. The plaintiff then introduced evidence, subject to the defendant's exception, tending to show that the defendant wrote the bill of sale ; that the plaintiff did not read it or know its contents, but was induced to sign it by the fraudulent representations of the defendant, under such circumstances that the plaintiff was not bound by it. The ground of the defendant's exception was, that the plaintiff, having read the bill of sale in evidence, and having claimed that under it he might prove the previous parol agreement, and recover for 87¾ cords, if he delivered the whole of the pile, even if there were less than 87¾ cords in the pile, could not afterward impeach or contest the bill of sale as procured by fraud.

The plaintiff then introduced evidence, subject to the defendant's exception, tending to prove the parol agreement before referred to.

The jury returned a verdict in favor of the plaintiff for $23, in addition to the amount for which judgment was confessed, and the defendant moved to set aside the verdict ; and the questions of law arising upon the case were reserved for the determination of the whole court.

*Cushing,* and *Bowers,* for the defendant.

*Everett,* and *Edes,* for the plaintiff.

SARGENT, J. The first question raised on this case, is substantially settled in *Connor* v. *Gas Pipe Co.*, 40 N. H. 537, in which it was held that it makes no difference which side introduces the report; that either party may do so without being estopped to deny its correctness in any particular, or precluded from impeaching it.

Where an auditor's report is made, either party may use it at the trial, or the judge may require it to be read, and its findings are made *prima facie* evidence by statute, but they are nothing more than that. The party reading it may, as well as his adversary, produce evidence in addition to it, and may prove items not allowed by the auditor, or offer proof to contradict any part of it.

It is received as competent evidence, but it does not supersede or exclude any other competent evidence. *Allen* v. *Hawkes*, 11 Pick. 359; *Lazarus* v. *Commonwealth Ins. Co.*, 19 Pick. 82; *Clark* v. *Fletcher*, 1 Allen 53; *Kendall* v. *Weaver*, 1 Allen 277.

The plaintiff was evidently not intending to use the writing he had given Cass as evidence, but was proceeding to state the whole agreement in relation to the bark. The defendant insisted that he should be inquired of whether or not there was some writing in the case; and upon the plaintiff's answering in the affirmative, the defendant produces the writing and puts it in the plaintiff's hands, who is thus obliged first to read it as the best evidence, so far as it goes, of the contract.

The witness was then proceeding to state other facts of the bargain, not included, as he claims, in the writing; whereupon the question is raised as to the legal construction of the terms of the writing; and the court holds that the construction of the writing is such as to exclude all his testimony, and that it is conclusive upon his rights. The plaintiff then offers to show that the writing was obtained by fraud.

A party can not be compelled in that way to introduce evidence which makes against him, and then be precluded from showing it fraudulent, and thus open the way to contradict or explain it. Were it otherwise, a party plaintiff might be utterly unable to show a fraud on the other side in obtaining his signature to any paper or contract which the defendant might chance to hold against him; and the defendant would have it in his power, in such cases, to take advantage of his own wrong and fraud, whenever the plaintiff should offer himself as a witness. Such can not be the law.

Nor does it alter the case at all that the plaintiff first asked the court to construe the terms of the writing, when the testimony he offered was objected to, and before he proved or offered to prove the fraud. Had the writing received the construction which he claimed for it, it might have answered his purpose without his going any further. But if not, he could in no way be precluded from still showing that he was induced to sign it by fraud, and having shown that, or offered evidence tending to show it, he might then, of course, show what the contract was, *bona fide*, which the parties did make. Exceptions overruled, and

*Judgment on the verdict.*